**E-FILED**
Wednesday, 04 March, 2015  10:52:18 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

MAR 0 3 2015

CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY ZELLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  NO.  15-3067 |
| | ) |
| RODERICK MATTICKS, M.D., | ) |
| XIAOTIAN W. AUSTIN, M.D., | ) |
| HUGHES LOCHARD, M.D., | ) |
| JILL M. WAHL, M.D., | ) |
| G. CLARK, LPN, | ) |
| K. GARNER, LPN, | ) |
| SUSAN PIERMAN, RN, | ) |
| GINNIE PRIBBLE, RN, | ) |
| PATRICIA REICHART, NP, | ) |
| WEXFORD HEALTH SOURCES, INC. | ) |
| and CURRENTLY UNKNOWN | ) |
| HEALTHCARE PROVIDERS, | ) |
| | ) |
| Defendants. | ) |

C O M P L A I N T

NOW COMES the Plaintiff, LARRY ZELLER, by and through his attorneys, Wolter, Beeman & Lynch, and complaining of Defendants RODERICK MATTICKS, M.D., XIAOTIAN W. AUSTIN, M.D., HUGHES LOCHARD, M.D., JILL M. WAHL, M.D., G. CLARK, LPN, K. GARNER, LPN, SUSAN PIERMAN, RN, GINNIE PRIBBLE, RN, PATRICIA REICHART, NP and WEXFORD HEALTH SOURCES, INC., affirmatively states as follows:

## FEDERAL JURISDICTION

This action arises under 42 U.S.C. 1983 as well as Amendment VIII of the United States Constitution. Supplemental jurisdiction is also claimed to exist as the "deliberate indifference" claims asserted herein also support negligence claims which arise out of the same case or controversy and rely on the same facts to support them. Plaintiff has previously exhausted the administrative remedies available to him.

## COUNT I

### Larry Zeller v. Roderick Matticks, M.D.
### (Deliberate Indifference)

For his first cause of action against Defendant RODERICK MATTICKS, M.D. Plaintiff states as follows:

1. Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

2. From December 2011 through March 15, 2013 Dr. Matticks, who served as a physician for Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

(a)   Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)   Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)   Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to monitor the progression of tonsillar cancer; and

(g)   Improperly interpreted radiological films.

3.   As a result of the aforementioned deliberate indifference Plaintiff's constitutional and statutory rights have been violated, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

4.   Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant RODERICK MATTICKS, M.D. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT II

### Larry Zeller v. Roderick Matticks, M.D.
### (Medical Negligence)

For his second cause of action against Defendant RODERICK MATTICKS, M.D. Plaintiff states as follows:

5. Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

6. From December 2011 through March 15, 2013 Dr. Matticks, who served as a physician for Plaintiff, committed one or more of the following negligent acts and/omissions:

    (a) Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

    (b) Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)   Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to monitor the progression of tonsillar cancer; and

(g)   Improperly interpreted radiological films.

7.  As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

8.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant RODERICK MATTICKS, M.D., M.D. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT III

### Larry Zeller v. Xiaotian W. Austin, M.D.
### (Deliberate Indifference)

For his first cause of action against Defendant XIAOTIAN W. AUSTIN, M.D. Plaintiff states as follows:

9. Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

10. From December 2011 through March 15, 2013 Dr. Austin, who served as a physician for Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

(a) Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b) Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c) Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d) Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)  Failed to properly treat tonsillar cancer;

(f)  Failed to monitor the progression of tonsillar cancer; and

(g)  Improperly interpreted radiological films.

11.  As a result of the aforementioned deliberate indifference Plaintiff's constitutional and statutory rights have been violated, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

12.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant XIAOTIAN W. AUSTIN, M.D. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT IV

### Larry Zeller v. Xiaotian W. Austin, M.D.
### (Medical Negligence)

For his second cause of action against Defendant XIAOTIAN W. AUSTIN, M.D. Plaintiff states as follows:

13.  Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

14.  From December 2011 through March 15, 2013 Dr. Austin, who served as a physician for Plaintiff, committed one or more of the following negligent acts and/omissions:

(a)  Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)  Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)  Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)  Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)  Failed to properly treat tonsillar cancer;

(f)  Failed to monitor the progression of tonsillar cancer; and

(g)  Improperly interpreted radiological films.

15.  As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and

will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

16. Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant XIAOTIAN W. AUSTIN, M.D. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT V

### Larry Zeller v. Hughes Lochard, M.D.
### (Deliberate Indifference)

For his first cause of action against Defendant HUGHES LOCHARD, M.D. Plaintiff states as follows:

17. Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

18. From December 2011 through March 15, 2013 Dr. Lochard, who served as a physician for Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

(a)   Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)   Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)   Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to monitor the progression of tonsillar cancer; and

(g)   Improperly interpreted radiological films.

19.  As a result of the aforementioned deliberate indifference Plaintiff's constitutional and statutory rights have been violated, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

20.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant HUGHES LOCHARD, M.D. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT VI

### Larry Zeller v. Hughes Lochard, M.D.
### (Medical Negligence)

For his second cause of action against Defendant HUGHES LOCHARD, M.D., Plaintiff states as follows:

21.  Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

22.  From December 2011 through March 15, 2013 Dr. Lochard, who served as a physician for Plaintiff, committed one or more of the following negligent acts and/omissions:

   (a)  Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

   (b)  Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)   Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to monitor the progression of tonsillar cancer; and

(g)   Improperly interpreted radiological films.

23.   As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

24.   Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant XIAOTIAN W. AUSTIN, M.D. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT VII

### Larry Zeller v. Jill M. Wahl, M.D.
### (Deliberate Indifference)

For his first cause of action against Defendant JILL M. WAHL, M.D. Plaintiff states as follows:

25. Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

26. From December 2011 through March 15, 2013 Dr. Wahl, who served as a physician for Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

(a) Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b) Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c) Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d) Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to monitor the progression of tonsillar cancer; and

(g)   Improperly interpreted radiological films.

27.  As a result of the aforementioned deliberate indifference Plaintiff's constitutional and statutory rights have been violated, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

28.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant JILL M. WAHL, M.D. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT VIII

### Larry Zeller v. Jill M. Wahl, M.D.
### (Medical Negligence)

For his second cause of action against Defendant JILL M. WAHL, M.D. Plaintiff states as follows:

- 14 -

29.   Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

30.   From December 2011 through March 15, 2013 Dr. Wahl, who served as a physician for Plaintiff, committed one or more of the following negligent acts and/omissions:

(a)   Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)   Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)   Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to monitor the progression of tonsillar cancer; and

(g)   Improperly interpreted radiological films.

31.   As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and

will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

32.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant JILL M. WAHL, M.D. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT IX

### Larry Zeller v. G. Clark, LPN
### (Deliberate Indifference)

For his first cause of action against Defendant G. CLARK, LPN Plaintiff states as follows:

33.  Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

34.  From December 2011 through March 15, 2013 Ms. Clark, who served as a nurse for Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

(a)   Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)   Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)   Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)   Failed to monitor the progression of tonsillar cancer; and

(h)   Improperly interpreted radiological films.

35.   As a result of the aforementioned deliberate indifference Plaintiff's constitutional and statutory rights have been violated, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

36.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant G. CLARK, LPN in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT X

### Larry Zeller v. G. Clark, LPN
### (Medical Negligence)

For his second cause of action against Defendant G. CLARK, LPN Plaintiff states as follows:

37.  Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

38.  From December 2011 through March 15, 2013 Ms. Clark, who served as a nurse for Plaintiff, committed one or more of the following negligent acts and/omissions:

(a)  Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)  Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

- 18 -

(c) Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d) Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e) Failed to properly treat tonsillar cancer;

(f) Failed to communicate Plaintiff's symptoms to his treating physicians;

(g) Failed to monitor the progression of tonsillar cancer; and

(h) Improperly interpreted radiological films.

39. As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

40. Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, LARRY ZELLER demand judgment against Defendant G. CLARK, LPN in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XI

### Larry Zeller v. K. Garner, LPN
### (Deliberate Indifference)

For his first cause of action against Defendant K. GARNER, LPN, Plaintiff states as follows:

41. Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

42. From December 2011 through March 15, 2013 Ms. Garner, who served as a nurse for Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

(a) Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b) Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c) Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d) Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e) Failed to properly treat tonsillar cancer;

(f)  Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)  Failed to monitor the progression of tonsillar cancer; and

(h)  Improperly interpreted radiological films.

43.  As a result of the aforementioned deliberate indifference Plaintiff's constitutional and statutory rights have been violated, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

44.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant K. GARNER, LPN, in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XII

### Larry Zeller v. K. Garner, LPN
### (Medical Negligence)

For his second cause of action against Defendant K. GARNER, LPN Plaintiff states as follows:

45.   Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

46.   From December 2011 through March 15, 2013 Ms. Garner, who served as a nurse for Plaintiff, committed one or more of the following negligent acts and/omissions:

(a)   Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)   Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)   Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to communicate Plaintiff's symptoms to his treating physicians;

(f)   Failed to monitor the progression of tonsillar cancer; and

(g)   Improperly interpreted radiological films.

47.  As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

48.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant K. GARNER, LPN, in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XIII

### Larry Zeller v. Susan Pierman, RN
### (Deliberate Indifference)

For his first cause of action against Defendant SUSAN PIERMAN, RN, Plaintiff states as follows:

49.  Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

50.  From December 2011 through March 15, 2013 Ms. Pierman, who served as a nurse for Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

(a)  Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)  Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)  Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)  Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)  Failed to properly treat tonsillar cancer;

(f)  Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)  Failed to monitor the progression of tonsillar cancer; and

(h)  Improperly interpreted radiological films.

51.  As a result of the aforementioned deliberate indifference Plaintiff's constitutional and statutory rights have been violated, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to

suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

52. Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant SUSAN PIERMAN, RN in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XIV

### Larry Zeller v. Susan Pierman, RN
### (Medical Negligence)

For his second cause of action against Defendant SUSAN PIERMAN, RN Plaintiff states as follows:

53. Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

54. From December 2011 through March 15, 2013 Ms. Pierman, who served as a nurse for Plaintiff, committed one or more of the following negligent acts and/omissions:

(a)  Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)  Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)  Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)  Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)  Failed to properly treat tonsillar cancer;

(f)  Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)  Failed to monitor the progression of tonsillar cancer; and

(h)  Improperly interpreted radiological films.

55.  As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

56.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant SUSAN PIERMAN, RN in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XV

### Larry Zeller v. Ginnie Pribble, RN
### (Deliberate Indifference)

For his first cause of action against Defendant GINNIE PRIBBLE, RN, Plaintiff states as follows:

57.  Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

58.  From December 2011 through March 15, 2013 Ms. Pribble, who served as a nurse for Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

(a)  Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)   Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)   Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)   Failed to monitor the progression of tonsillar cancer; and

(h)   Improperly interpreted radiological films.

59.   As a result of the aforementioned deliberate indifference Plaintiff's constitutional and statutory rights have been violated, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

60.   Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant GINNIE PRIBBLE, RN in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XVI

### Larry Zeller v. Ginnie Pribble, RN
### (Medical Negligence)

For his second cause of action against Defendant GINNIE PRIBBLE, RN Plaintiff states as follows:

61. Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

62. From December 2011 through March 15, 2013 Ms. Pribble, who served as a nurse for Plaintiff, committed one or more of the following negligent acts and/omissions:

(a) Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b) Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c) Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)   Failed to monitor the progression of tonsillar cancer; and

(h)   Improperly interpreted radiological films;

63.   As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

64.   Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant GINNIE PRIBBLE, in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XVII

### Larry Zeller v. Patricia Reichart, NP
### (Deliberate Indifference)

For his first cause of action against Defendant PATRICIA REICHART, NP, Plaintiff states as follows:

65. Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

66. From December 2011 through March 15, 2013 Ms. Reichart, who served as a nurse for Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

    (a) Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

    (b) Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

    (c) Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

    (d) Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)   Failed to monitor the progression of tonsillar cancer; and

(h)   Improperly interpreted radiological films.

67. As a result of the aforementioned deliberate indifference Plaintiff's constitutional and statutory rights have been violated, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

68. Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, LARRY ZELLER demand judgment against Defendant GINNIE PRIBBLE, RN in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XVIII

### Larry Zeller v. Patricia Reichart, NP
### (Medical Negligence)

For his second cause of action against Defendant PATRICIA REICHART, NP Plaintiff states as follows:

69.   Plaintiff was in the custody, care and control of the Illinois Department Of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

70.   From   December   2011   through   March 15,   2013 Ms. Reichart, who served as a nurse for Plaintiff, committed one or more of the following negligent acts and/omissions:

(a)   Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)   Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)   Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)   Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)  Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)  Failed to monitor the progression of tonsillar cancer; and

(h)  Improperly interpreted radiological films.

71.  As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

72.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant PATRICIA REICHART, NP in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.


## COUNT XIX

### Larry Zeller v. Wexford Health Sources, Inc. (Deliberate Indifference)

For his first cause of action against Defendant WEXFORD HEALTH SOURCES, INC., Plaintiff states as follows:

73.   Wexford Health Sources, Inc., a/k/a as Wexford Health Sources is a foreign corporation registered to do business in Illinois since at least July 27, 1992.

74.   Wexford Health Sources, Inc. is a medical services contracting company serving prisons which, among other things, has contracted with the State of Illinois to provide all necessary medical services to inmates of the Illinois Department of Corrections for a flat fee.

75.   During 2011 Wexford Health Services, Inc. signed a contract with the State of Illinois to provide medical care to inmates in all twenty-seven (27) adult correctional centers across Illinois for a sum of money in excess of $1.36 billion dollars.

76.   Plaintiff was in the custody, care and control of the Illinois Department of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

77.   From December 2011 through March 15, 2013 Plaintiff was treated by employees and/or agents of Wexford Health Sources, Inc.

78.   As a result of undertaking the care and treatment of Plaintiff, Defendant Wexford Health Sources, Inc. then and there had a duty to Plaintiff to conduct such treatment and administer such care in accordance with reasonable and proper medical

practice in light of the standards of medical practice and skill then prevailing in the community under similar circumstances.

79.  During the time that the Plaintiff was examined and/or treated by Defendant Wexford Health Sources, Inc. from December 2011 through March 15, 2013 the employees and/or agents of Defendant Wexford Health Sources, Inc. were responsible for treating and administering care to the Plaintiff in accordance with reasonable and proper medical practice in light of the standards of medical practice and skill then prevailing in the community or in similar communities.

80.  Defendant Wexford Health Sources, Inc., its agents or employees, after assuming the care and treatment of Plaintiff, acted with deliberate indifference to Plaintiff's medical needs in one or more of the following respects:

(a)  Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

(b)  Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

(c)  Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

(d)  Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)  Failed to properly treat tonsillar cancer;

(f)  Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)  Failed to monitor the progression of tonsillar cancer; and

(h)  Improperly interpreted radiological films.

81.  As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

82.  Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant WEXFORD HEALTH SOURCES, INC. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XX

### (Medical Negligence)

For his second cause of action against Defendant WEXFORD HEALTH SOURCES, INC., Plaintiff states as follows:

83.  Wexford Health Sources, Inc., a/k/a as Wexford Health Sources is a foreign corporation registered to do business in Illinois since at least July 27, 1992.

84.  Wexford Health Sources, Inc. is a medical services contracting company serving prisons which, among other things, has contracted with the State of Illinois to provide all necessary medical services to inmates of the Illinois Department of Corrections for a flat fee.

85.  During 2011 Wexford Health Services, Inc. signed a contract with the State of Illinois to provide medical care to inmates in all twenty-seven (27) adult correctional centers across Illinois for a sum of money in excess of $1.36 billion dollars.

86.  Plaintiff was in the custody, care and control of the Illinois Department of Corrections at Logan Correctional Center and Lincoln Correction Center in Lincoln, Illinois from May 7, 2009 through May 16, 2013.

87.  From December 2011 through March 15, 2013 Plaintiff was treated by employees and/or agents of Wexford Health Sources, Inc.

88.  As a result of undertaking the care and treatment of Plaintiff, Defendant Wexford Health Sources, Inc. then and there had a duty to Plaintiff to conduct such treatment and administer such care in accordance with reasonable and proper medical

practice in light of the standards of medical practice and skill then prevailing in the community under similar circumstances.

89.  During the time that the Plaintiff was examined and/or treated by Defendant Wexford Health Sources, Inc. from December 2011 through March 15, 2013 the employees and/or agents of Defendant Wexford Health Sources, Inc. were responsible for treating and administering care to the Plaintiff in accordance with reasonable and proper medical practice in light of the standards of medical practice and skill then prevailing in the community or in similar communities.

90.  Defendant Wexford Health Sources, Inc., its agents or employees, after assuming the care and treatment of Plaintiff as it breached the aforesaid duty by committing one or more of the following negligent acts and/omissions:

- (a) Repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment;

- (b) Failed to pursue the cause of the recurrent symptoms of tonsillar abnormality;

- (c) Failed to follow standards of care based on Plaintiff's symptoms, particularly in light of his high risk for oral oropharyngeal carcinoma;

- (d) Failed to diagnose tonsillar cancer until March of 2013 when it was staged at T2N2a (Stage IV-A);

(e)   Failed to properly treat tonsillar cancer;

(f)   Failed to communicate Plaintiff's symptoms to his treating physicians;

(g)   Failed to monitor the progression of tonsillar cancer; and

(h)   Improperly interpreted radiological films.

91.   As a proximate result of one or more of the foregoing acts and/or omissions of Defendant, Plaintiff has sustained serious and severe injuries of a permanent nature, suffered and will continue to suffer lasting disability and disfigurement, spent and will continue to spend substantial amounts of money for medical care and treatment and was otherwise affected in his ability to perform the routine activities of daily living.

92.   Plaintiff discovered that he has tonsillar cancer on April 8, 2013.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant WEXFORD HEALTH SOURCES, INC. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.

## COUNT XXI

### Larry Zeller v. Wexford Health Sources, Inc.
### (Conspiracy To Deprive Plaintiff and
### Other Inmates of Constitutional Rights)

For his third cause of action against Defendant WEXFORD HEALTH SOURCES, INC., Plaintiff states as follows:

93. Wexford Health Sources, Inc., a/k/a Wexford Health Sources is a foreign corporation registered to do business in Illinois since at least July 27, 1992.

94. Wexford Health Sources, Inc. is a medical services contracting company serving prisons which, among other things, has contracted with the State of Illinois to provide all necessary medical services to inmates of the Illinois Department of Corrections for a flat fee.

95. During 2011 Wexford Health Services, Inc. signed a contract with the State of Illinois to provide medical care to inmates in all twenty-seven (27) adult correctional centers across Illinois for a sum of money in excess of $1.36 billion dollars.

96. Wexford Health Services, Inc. has a financial incentive to deny medical services to Illinois inmates. Because Wexford collects a flat fee for its services, the fewer inmates that are referred to specialists and the fewer diagnostic tests that are performed, the more profit Wexford realizes.

97.  Wexford Health Services, Inc. has adopted a policy of denying needed medical care as a cost-savings device.  This policy is reflected not only with respect to the lack of care provided by Wexford doctors to Larry Zeller in this case, but also with respect to various other inmates at Lincoln CC and/or elsewhere.

98.  Wexford Health Services, Inc., as a part of its policy of denying needed medical care to inmates, has also adopted policies providing that after a physician recommends a particular test that test must usually be also approved by the Wexford Medical Director and then approved by the Wexford Administrative officer before it can be conducted.

99.  Wexford Health Services, Inc., also as part of its policy of denying needed medical care to inmates, has implemented a cost-savings device that has been Serviced Marked by Wexford and is known as "Collegial Review."  "Collegial Review" was used in this case by Wexford physicians as a device to deny Larry Zeller a referral and evaluation when it was obvious a referral was needed.

100.  As a result of the aforementioned Wexford policies and the implementation of those policies by Wexford officers, managers, employees and physicians, Plaintiff's Constitutional and statutory rights have been violated, his original injury has been exacerbated, he has suffered from unnecessary physical and

mental pain, and the necessary corrective surgery has been made more difficult.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant WEXFORD HEALTH SOURCES, INC. in such sum of money as may be proven by the evidence, together with attorneys' fees, expenses and costs of this suit.


## COUNT XXII

### Larry Zeller v. Currently Unknown Healthcare Providers
### (Deliberate Indifference and Medical Negligence)

For his cause of action against Defendant CURRENTLY UNKNOWN HEALTHCARE PROVIDERS, Plaintiff states as follows:

101. The name or names of each such other person so interested in this action is currently unknown to Plaintiff and upon diligent inquiry cannot be ascertained, and all such persons are therefore made parties as Defendants to this action by name and description of CURRENTLY UNKNOWN HEALTHCARE PROVIDERS.

102. The allegations of Deliberate Indifference and Medical Negligence would be equally applicable to said CURRENTLY UNKNOWN HEALTHCARE PROVIDERS.

WHEREFORE, Plaintiff LARRY ZELLER demands judgment against Defendant CURRENTLY UNKNOWN HEALTHCARE PROVIDERS in such sum of

money as may be proven by the evidence, together with attorneys'

fees, expenses and costs of this suit.

LARRY ZELLER, Plaintiff


BY /s/ Randall A. Wolter
WOLTER, BEEMAN & LYNCH
His Attorneys


RANDALL A. WOLTER (#3065375)
WOLTER, BEEMAN & LYNCH
Attorneys for Plaintiff
1001 South Sixth Street
Springfield, Illinois 62701
Telephone: 217-753-4220
E-Mail: rwolter@wbllawyers.com
wolter\complaint\zeller-larry-federalcourt.medmal