**E-FILED**
Wednesday, 04 March, 2015 10:52:18 AM
Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS )
) ss.
COUNTY OF SANGAMON )

**A F F I D A V I T**

I, RANDALL A. WOLTER, being first duly sworn, do hereby state, pursuant to Illinois Supreme Court Rule 222(b), as follows:

1. I am an adult under no legal disability and I am an attorney licensed to practice law in the State of Illinois.

2. I am Plaintiff's attorney in an action to be filed in the United States District Court, Central District Of Illinois, Springfield Division captioned Larry Zeller v. Roderick Matticks, M.D., Xiaotian W. Austin, M.D., Hughes Lochard, M.D., Jill M. Wahl, M.D., G. Clark, LPN, K. Garner, LPN, Susan Pierman, RN, Ginnie Pribble, RN, Patricia Reichart, NP, Wexford Health Sources, Inc. and Currently Unknown Healthcare Providers.

3. Such action is based upon medical negligence sustained by Larry Zeller.

4. The total of money damages sought in this action is in excess of $75,000.00 plus costs.

FURTHER AFFIANT SAITH NOT.

/s/ Randall A. Wolter

Subscribed and sworn to before me this 3rd day of March, 2015.

/s/ Doris M. Teyshak
Notary Public

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

LARRY ZELLER,

Plaintiff,

v.

RODERICK MATTICKS, M.D.,
XIAOTIAN W. AUSTIN, M.D.,
HUGHES LOCHARD, M.D.,
JILL M. WAHL, M.D.,
G. CLARK, LPN,
K. GARNER, LPN,
SUSAN PIERMAN, RN,
GINNIE PRIBBLE, RN,
PATRICIA REICHART, NP,
WEXFORD HEALTH SOURCES, INC.
and CURRENTLY UNKNOWN
HEALTHCARE PROVIDERS,

Defendants.

NO. ____________________

A F F I D A V I T

RANDALL A. WOLTER, being first duly sworn, deposes and states:

1. Affiant has personal knowledge of the matters contained herein and could testify competently thereto if called as a witness.

2. Affiant has consulted and reviewed the facts of Plaintiff's claim against Roderick Matticks, M.D., Xiaotian W. Austin, M.D., Hughes Lochard, M.D., Jill M. Wahl, M.D., G. Clark, LPN, K. Garner, LPN, Susan Pierman, RN, Ginnie Pribble,

RN, Patricia Reichart, NP, Wexford Health Sources, Inc. and Currently Unknown Healthcare Providers with Nancy Creech, M.D., who the affiant reasonably believes: (i) is knowledgeable in the relevant issues involved in the particular action; (ii) practices or has practiced within the last six years or teaches or has taught within the last six years in the same area of health care or medicine that is at issue in the particular action; and (iii) is qualified by experience or demonstrated competence in the subject of the case.

3. Nancy Creech, M.D. has determined in a written report, after a review of the medical records and other relevant material involved in the particular action, that there is a reasonable and meritorious cause for the filing of such action.

4. Affiant has concluded on the basis of Nancy Creech, M.D.'s review and consultation that there is a reasonable and meritorious cause for filing of such action.

5. A copy of the written report prepared by Nancy Creech, M.D. is attached hereto as Exhibit A.

/s/ Randall A. Wolter

Subscribed and sworn to before me this 3rd day of March, 2015.

/s/ Doris M. Teyshak
Notary Public

February 23, 2015

Mr. Randall A. Wolter
Wolter, Beeman & Lynch
1001 South Sixth Street
Springfield, Illinois 62703

Re: Larry L. Zeller

Dear Mr. Wolter:

Mr. Zeller is a 70 year-old male who was serving time as an inmate in the Illinois Department of Corrections, with medical records dating from May 2009 through May 2013. Beginning in December 2011, Mr. Zeller began presenting to the clinic, initially complaining of congestion. Over the course of the next 16 months, he was seen thirty-two separate times by various correctional nurses and physicians for progressive symptoms of congestion, left-sided throat pain, throat drainage, and eventually enlargement of left tonsil and a left neck mass. Mr. Zeller did not receive a referral for imaging of his neck until his 22nd visit (2/25/13), which indicated likely tonsillar cancer. The CT scan was completed on March 7th, and a referral to ENT (Dr. Ulis) was finally made on 3/15/13, his 24th visit to the prison clinic. Metastatic tonsillar cancer was diagnosed, and from that point forward, care was coordinated between the prison staff, Dr. Ulis, and Dr. Yoon (radiation oncologist), until he was apparently released from prison and sought out further cancer car at Hines VA Hospital.

Mr. Zeller's progressive symptoms over these 16 months were clearly concerning for pathology beyond "rhinitis" (inflammation of nasal passages), which he continued to be diagnosed with and treated for without improvement. He was repeatedly prescribed antibiotics and antihistamines despite no clinical evidence of infection requiring antibiotic treatment. On multiple occasions, providers documented left-sided tonsillar abnormalities, but did not pursue the cause of the recurrent symptoms or tonsillar abnormality until his clinical status worsened significantly in February 2013.

The physicians and nurse practitioners that examined and treated Mr. Zeller during these 16 months repeatedly failed to follow standards of care based on his symptoms, especially in light of his high risk for oropharyngeal carcinoma. Tonsillar carcinoma is a type of oropharyngeal cancer. Tobacco use is one of the principal risks for this type of cancer. Heavy cigarette smokers (as in Mr. Zeller, who had a 100 pack

year history) have a 5 to 25-fold increased risk of oropharyngeal cancer compared to nonsmokers, and there is a dose-response relationship.

By the time Mr. Zeller was conclusively diagnosed with tonsillar cancer via biopsy, it was staged at T2N2a (Stage 4A), referring to the size of the primary tumor and lymph node metastasis. The epidemiologic/surveillance cancer rates currently indicate a 5-year survival rate of 43.4%.

Taking all of the above into account, Mr. Zeller developed tonsillar cancer which, without question, progressed during his institutionalization at the Illinois Department of Corrections, and this delayed diagnosis will undoubtedly lead to significant morbidity and possibly mortality. In my opinion there are reasonable and meritorious causes for Mr. Zeller pursuing an action for damages.

Very truly yours,

Nancy Creech, M.D.